1

2

3

4                         **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7   S&J INVESTMENTS, LLC,                      )
                                               )
8                         Plaintiff,           )        Case No. 2:15-cv-2205-APG-GWF
                                               )
9   vs.                                        )        **ORDER**
                                               )
10  JASON BOOTH, *et al.*,                     )
                                               )
11                        Defendant.           )
    _____)

12

13          This matter is before the Court on Plaintiff's *Ex Parte* Motions to Enlarge Time for Service

14  of Process (#17) and for an Order for Service by Publication (#19), filed on February 17, 2016.

15          Pursuant to Fed. R. Civ. P. 4(e), the state statutes in which the District Court is held are

16  followed in matters pertaining to service of summons by publication.  N.R.C.P. 4(e)(1)(i) states that

17  the court may permit service by publication if, after due diligence shown, the plaintiff is unable to

18  find the defendant(s) within the state, or they are avoiding the service of summons.  The plaintiff

19  must prove this to the satisfaction of the court either by affidavit or by a verified complaint.  The

20  Nevada Supreme Court has held that there is no objective, formulaic standard for determining what

21  is, or is not, due diligence.  *Abreu v. Gilmer,* 985 P.2d 746, 749 (1999).  N.R.C.P. 4(e)(1)(ii) further

22  states that service by publication is valid for " any action which relates to, or the subject of which is,

23  real or personal property."

24          Plaintiff argues that it has shown due diligence by making nine (9) separate attempts at

25  effectuating personal service on Defendant Amberly Booth at her last known physical addresses:

26  1) 7865 Villa Encanto Avenue, 2) 7661 Calico Fields, 3) 9013 Boston Springs, and 4) 4899

27  Monteleone.  *See Motion (#17).*  Further, Plaintiff performed a social/name trace and search of the

28  County Assessor, DMV, and Voter Registration and Telephone directory to confirm Defendant's

1    last known addresses.  As such, Plaintiff has demonstrated due diligence in attempting service on

2    Defendant Amberly Booth that would warrant permitting service by publication.  Moreover, the

3    subject of this litigation is real property.  Accordingly,

4         **IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Motions to Enlarge Time for Service

5    of Process (#17) and for an Order for Service by Publication (#19) are **granted**.  Defendant Amberly

6    Booth may be served by Plaintiff through publication of the summons and complaint in this case at

7    least once a week for four (4) consecutive weeks in the Nevada Legal News, which is a newspaper

8    of general circulation published in Las Vegas, Nevada.

9         **IT IS FURTHER ORDERED** that Plaintiff shall deposit a copy of the summons and

10    complaint in the post office via first class certified mail, directed to Defendant Amberly Booth's last

11    known physical addresses: 1) 7865 Villa Encanto Avenue, 2) 7661 Calico Fields, 3) 9013 Boston

12    Springs, and 4) 4899 Monteleone.

13         **IT IS FURTHER ORDERED** that Plaintiff shall have until **April 25, 2016**, to complete

14    service upon Defendant Amberly Booth.

15         DATED this 23rd day of February, 2016.

16

17

         GEORGE FOLEY, JR.

18          United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28