**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

S&J INVESTMENTS, LLC,

                Plaintiff,

    v.

JASON BOOTH, *et al.*,

                Defendants.

Case No. 2:15-cv-02205-APG-GWF

**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

This action originally was filed in Nevada state court. ECF No. 1-2. The complaint contains no allegations regarding the citizenship of the plaintiff, S&J Investments, LLC, or of any of the defendants. Defendant U.S. Bank removed the case to this Court based on diversity jurisdiction. In its removal petition, U.S. Bank asserted that S&J is a Nevada limited liability company. However, U.S. Bank did not identify the citizenship of S&J's members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").

U.S. Bank's removal petition also did not identify the citizenship of defendants Jason and Amberly Booth, but U.S. Bank suggested these defendants were fraudulently joined. U.S. Bank did not explain why the former owners of the property are not proper defendants where S&J seeks to extinguish all prior interests in the property through this quiet title action and there is some dispute over the effect of the homeowners association's ("HOA") foreclosure sale. As the party seeking to invoke this Court's jurisdiction, U.S. Bank bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). I therefore ordered U.S. Bank to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction.

/ / / /

1    U.S. Bank responds that Jason Booth has disclaimed an interested in the property, and

2    therefore his citizenship should not affect jurisdiction. *See* ECF No. 9.  U.S. Bank also argues

3    Amberly Booth presumably is Jason Booth's wife and presumably also does not claim an interest

4    in the property.  U.S. Bank asserts there is evidence in the record that she no longer lives at the

5    property because service was attempted there but failed. *See* ECF No. 17-1 at 3.  U.S. Bank thus

6    contends Amberly Booth is fraudulently joined in this quiet title action because she does not

7    claim an adverse interest in the property and, in any event, the HOA sale foreclosed any interest

8    she had in the property.

9    Removal jurisdiction under 28 U.S.C. § 1441(a) gives federal district courts jurisdiction

10   over "any civil action brought in a State court of which the district courts of the United States

11   have original jurisdiction."  Federal district courts have original jurisdiction over civil actions in

12   diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where

13   the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires

14   complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than

15   each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

16   An exception to the complete diversity requirement occurs where the plaintiff fraudulently

17   joins a non-diverse defendant. *Id.*  Fraudulently joined defendants will not defeat removal on

18   diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  Joinder is

19   fraudulent, and the non-diverse defendant's presence in the lawsuit is ignored for purposes of

20   determining diversity, if "the plaintiff fails to state a cause of action against a resident defendant,

21   and the failure is obvious according to the settled rules of the state." *Id.* (quotation omitted).

22   The removing party bears the burden of establishing the joinder of the non-diverse

23   plaintiff was fraudulent. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *see*

24   *also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)

25   ("Fraudulent joinder must be proven by clear and convincing evidence.").  The removing party

26   "is entitled to present the facts showing the joinder to be fraudulent" to meet this burden. *Ritchey*,

27   139 F.3d at 1318 (quotation omitted).

28

2

1    Courts construe the removal statute strictly against removal jurisdiction. *Gaus v. Miles,*

2  *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Where doubt regarding the right to removal exists, a

3  case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d

4  1089, 1090 (9th Cir. 2003).

5    U.S. Bank presents no evidence regarding Amberly Booth's citizenship.[1]  U.S. Bank

6  therefore has not established that Amberly Booth's citizenship is diverse from S&J.

7    Additionally, U.S. Bank has not met its burden of showing Amberly Booth was

8  fraudulently joined.  S&J seeks to quiet title in property that Amberly Booth owned until the

9  HOA foreclosed. ECF No. 1-2 at 5.  Unlike Jason Booth, Amberly Booth has not stipulated to

10  disclaim an interest in the property.  Further, U.S. Bank challenges the legitimacy of the HOA

11  foreclosure sale. ECF No. 11 at 6-8.  If the HOA sale is set aside, Amberly Booth's interest in the

12  property would be reinstated.  Thus, it is not obvious under the settled rules of the state that S&J

13  has failed to state a quiet title claim against Amberly Booth.  Because doubts exist about whether

14  Amberly Booth claims an interest in the property, and because U.S. Bank has failed to

15  demonstrate Amberly Booth is diverse from S&J, remand is appropriate.

16    IT IS THEREFORE ORDERED that the case is remanded to the state court from which it

17  was removed for all further proceedings.  The clerk of the court is instructed to close this case.

18    DATED THIS 19th day of May, 2016.

19    ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

[1] From the available evidence, it is likely that Amberly Booth is a Nevada citizen. *See* ECF No. 17 (affidavit of attempted service indicating neighbors to a Nevada address believed Amberly Booth lived there).  U.S. Bank contends S&J is a Nevada citizen, and S&J does not dispute that. Thus it appears Amberly Booth is not diverse from S&J.